UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*LASC, East District*  **REMAND/MADE JS-6**
*Case No.: 11U01283*

| Case No. | CV 11-9390 GW (MRWx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | *Intekhab Shaikh v. Milena Radlovic* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**  (IN CHAMBERS):  **ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 10, 2011, defendant Milena Radlovic ("Defendant"), proceeding pro se, removed the instant action to federal court.  On September 27, 2011, plaintiff, Intekhab Shaikh, ("Plaintiff") originally brought a Complaint for Unlawful Detainer in Los Angeles Superior Court against Defendant pursuant to various provisions of the California Code of Civil Procedure.  The monetary demand in the Complaint is under $10,000.

It is the removing defendant's burden to establish the basis for this Court's subject matter jurisdiction.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).  Moreover, this Court has an independent obligation to examine its own subject matter jurisdiction.  *See Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same).

Defendant urges that this Court has subject matter jurisdiction over the Complaint in Unlawful Detainer under 28 U.S.C. § 1331 because Defendant purportedly demurred to the Complaint based on a defective notice to vacate the subject property in violation of 12 U.S.C. § 5220, the federal Protecting Tenants at Foreclosure Act.  Notice of Removal, ¶¶ 7-9.

This Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  It is well-established that a plaintiff is the "master of his or her complaint."  And "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  In other words, the well-pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."  *Franchise Tax Bd. of States of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  In contrast, "[i]t is insufficient that a federal question has been raised

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

*REMAND/MADE JS-6*

as a matter of a defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotations and citation omitted).

Here, Defendant, at most, has established that she might have a defense against Plaintiff's Complaint under federal law, though the Court would note that Defendant actually only demurred to the Complaint in Unlawful Detainer pursuant to *state* law.  Notice of Removal, Exh. B.  In any event, nothing in the Notice of Removal or in the Complaint for Unlawful Detainer even remotely shows that this Court could have federal question jurisdiction over this action.  Defendant appears to wholly misunderstand the meaning of "arising under" jurisdiction pursuant to 28 U.S.C. § 1331.  Because this matter was improperly removed to federal court and this Court lacks subject matter jurisdiction over the Complaint in Unlawful Detainer, the Court hereby REMANDS this case to state court.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk __JG__